IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH IVANCICH, ) | FILED: SEPTEMBER 8, 2008 |
| ) | 08CV5126 |
| Plaintiff, ) | JUDGE ZAGEL |
| ) | MAGISTRATE JUDGE MASON |
| -vs- ) | |
| ) | |
| Ex-Burnham Police Officer T. Gunther (star #121), ) | PH |
| Chief of Police Peter Belos, ) | |
| Sgt. Jack Daley, ) | |
| and the Village of Burnham, ) | |
| ) | |
| Defendants. ) | |

### Civil Complaint

**NOW COMES** the plaintiff, Joseph Ivancich, by and through his attorneys, THE LAW OFFICE OF BRENDAN SHILLER, LLC, and ERICKSON AND OPPENHEIMER, LLC complaining of the Defendants, former Burnham Police Officer THOMAS GUNTHER (Star #121), POLICE CHIEF PETER BELOS, SGT. JACK DALEY and the VILLAGE of BURNHAM, and in support thereof states as follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. In sum, Plaintiff was pulled over unlawfully by Defendant Gunther, who held himself out as a duly appointed police officer, who arrested him, handcuffed for an extended time in a manner he advised was adverse to his health and impounded the vehicle he was driving. Additionally, Defendant Village of Burnham

1

authorized the hire of Thomas Gunther as a "special police officer" to volunteer and assist lawful police officers, but breached their duty to citizens by allowing Defendant Gunther to arrest people alone, wear a police uniform, carry a gun and create a pattern for over a year of holding him out as a lawful peace officer to the community. Plaintiff has been harmed greatly by the unconstitutional conduct of the Defendants.

## Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); and the Constitution of the United States. Venue is proper under 28 U.S.C. § 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

## The Parties

3. Plaintiff Joseph Ivancich is a United States citizen who lives with his wife at 9617 S. Manistee in Chicago, Illinois.

4. Defendant Thomas Gunther was appointed as of November 25, 2005 to the position of special police officer, a volunteer/non-paid position, to assist the department and was held out to be a former police officer at that time, when in reality he never completed state certification requirements to be a lawful police officer in either Illinois or Indiana. At the time of the complained of incident, Defendant Gunther was an employee of the Burnham Police Department and acted under his authority as a duly appointed police officer in the Burnham Police Department at all relevant times.

5. Defendant Sgt. Jack Daley is a supervisor for the Village of Burnham Police Department. Defendant Gunther was to be utilized by the Burnham Police

Department according to the requirements of Defendants Sgt. Daley and Chief Belos. Defendant Sgt. Daley is or was an employee of the Burnham Police Department and acted under his authority as a duly appointed Sergeant of the Burnham Police Department at all times relevant to the complained of incident.

6. Defendant Belos is the Chief of Police for the Village of Burnham Police Department. Defendant Gunther was to be utilized by the Burnham Police Department according to the requirements of Defendants Sgt. Daley and Chief Belos. Defendant Belos is or was an employee of the Burnham Police Department and acted under his authority as the duly appointed Chief of the Burnham Police Department at all times relevant to the complained of incident.

7. Defendant Village of Burnham is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. The Village of Burnham was and/or is the public employer of Defendants Gunther, Sgt. Daley and Chief Bellos.

**Background Facts**

8. On Saturday, September 9, 2006, Mr. Ivancich was at home with his wife and had been trying to call and reach his daughter or other family members or friends to pick up a prescription for his wife, who has cancer, all day to no avail.

9. At around 3:00 p.m., Mr. Ivancich, who also has cancer, decided to do something that he had not done in years, drive himself to the pharmacy where his wife's prescription was located to have it filled, so that she would not experience a worsening in her condition because she did not have any more of her medicine.

10. It had been several years since Mr. Ivancich drove or had even had his license renewed and he was very careful to observe all traffic and safety laws.

11. As he traveled northbound on Burnham Avenue, around 143rd Street, the vehicle he was driving was curbed by Burnham Officer Thomas Gunther, who was in a marked squad car, dressed in a police uniform and carrying a gun.

12. Defendant Gunther was patrolling alone and there were not any other police cars or officers present for the on-scene arrest of Mr. Ivancich.

13. Defendant Gunther issued two (2) tickets to Mr. Ivancich, one for speeding in spite of him observing the speed limit, and the other for revoked driver's license, though to Mr. Ivancich's knowledge, his license has never been revoked.

14. On November 25, 2005, Defendant Police Chief Peter Belos issued a Burnham Police Department memorandum to all personnel titled "Internal Appointments/Personnel Assignment."

15. The memo, in part, announced the appointment of Thomas Gunther to the non-paid, volunteer position of special police officer, pursuant to Burnham Village Code Chapter 50 Section 50-51, assigned the serial/star number 121, and further specified that Ginther "will assist when and where required" and that Gunther "shall be utilized according to the requirements of Sgt. Daley and the Chief of Police (Belos)."

16. Section 50-51 of the Burnham Village Code, entitled **Special Police**, states that a person being appointed special police should be of good character; should obey all of the rules of the police department; that they can be deprived of the appointment at any time by the village president and board of trustees.

17. The same states specifically, "**No special police officer shall carry a firearm unless such officer has received a certificate attesting to the successful completion of a training course administered by the state law enforcement training standards board.**"

18. Defendant Gunther was assigned the State Officer Court Key 'H' and time 1300 hours, which was identical to that of Defendant Chief Belos, Defendant Sgt. Daley and another Burnham Police Officer, who was also uncertified and acting as a police officer during the same time period.

19. The vehicle Mr. Ivancich was driving was impounded by Defendant Gunther and a fee of $150.00 had to be paid for it to be released.

20. Additionally, Mr. Ivancich had to expend in excess of $200.00 to obtain representation for the court case that stemmed from this arrest.

21. Mr. Ivancich posted $100 to bond out of jail, representing 10% of a $1,000 D-Bond.

## Count 1—False Arrest

22. Plaintiff re-alleges and reincorporates all previous paragraphs as though fully stated herein.

23. Defendant Gunther had no probable cause to stop Plaintiff as he drove the vehicle while observing speed limit and other traffic laws.

24. As a result of this, Plaintiff was arrested and transported to the Burnham Police Department in a manner that unreasonably exposed Plaintiff an exacerbation of his already existing medical problems, under the color of law.

25. Plaintiff was arrested as a result of the unconstitutional conduct of Defendant without a warrant for his arrest, reasonable suspicion, or any true belief or indicia that he had

committed any crime, violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

26. Plaintiff was also detained for additional three (3) hours once being transported to the police station. Plaintiff continued to be detained until such time as the charges against him were resolved.

27. Defendant Gunther's conduct in committing these acts were willful, wanton, and without regard for the constitutional rights of the Plaintiff.

28. The misconduct described in this Count was caused and participated in by Defendants Daley, and Belos (Supervisory Defendants) in the manner described more fully below.

29. WHEREFORE, as a result of Defendant Officers, the Village's policy and practice, and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to his personal reputation, loss of liberty, mental distress and anguish, he requests punitive, actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### Count 2—*Monell* Claim

30. Plaintiff re-alleges and reincorporates all previous paragraphs as though fully set forth herein.

31. Thomas Gunther was appointed as "special officer" to the Burnham Police Department by Defendant Police Chief Belos in November of 2005, a non-paid position.

6

32. As special officer, Gunther was commissioned to **assist** certified, paid Burnham Police Officers.

33. In the memorandum announcing Gunther's appointment, Defendant Belos held him out to other personnel within the department as a former police officer, implying that he held certification which would allow him to act as a police officer, but for his volunteer status.

34. Defendant Belo's announcement also assigned a serial number to Gunther and specified that both Belos and Defendant Daley would specifically direct Gunther on the ways in which he would be utilized to assist within the department.

35. The memorandum also specified that the appointment was pursuant to Burnham Village Code Chapter 50 Section 50-51, which specifies **No special officer shall carry a firearm unless such officer has received a certificate attesting to the successful completion of a training course administered by the state law enforcement training standards board.**

36. In addition to assigning a star number to Defendant Gunther, he was assigned a court key date and time, which was shared by Daley and Belos as well.

37. In fact, upon information and belief, when Defendant Gunther came to court on tickets and arrests that he had made acting solely and holding himself out as a police officer and wearing a gun.

38. Defendant Belos and/or Defendant Daley were regularly present in court and able to observe Gunther's actions and demeanor.

39. Additionally, Section 50-51, states that those appointed to special police must be a person of good character.

7

40. Supervisory Defendants were aware that Gunther was arrested on at least one occasion prior to his appointment and as recently as May 2006 for manufacturing and selling fake police badges over the internet.

41. In May 2007, Cook County Sheriff's Police came to Defendant Gunther's court key date and arrested him and seized paperwork from the Burnham Police Department relating to his "police work."

42. The Village of Burnham intended, after these events, to continue to hold Defendant Gunther out as a police officer, as evidenced by flyers distributed three (3) days later to Burnham residents announcing a beat meeting on May 10, 2008, which would be conducted by "Police Officer Tom Gunther."

43. Defendant Gunther regularly acted as a police officer in the Village of Burnham. Gunther conducted patrols without the assistance of a certified officer, while driving squad car, dressed in full uniform and carrying a gun.

44. Defendant Gunther also regularly, without the assistance of a certified officer, investigated crimes and enforced the traffic and highway laws of the State of Illinois, though he was prohibited by state (50 ILCS 705) and local law to do so.

45. Defendant Gunther also regularly fabricated facts and evidence, which led to arrests of citizens without probable cause and tows of their vehicles.

46. Defendant Gunther also conducted false arrests of many citizens, violated citizens' right to due process and unreasonably seized both persons and property.

47. Defendant Gunther committed all of these acts under the color of law and with the knowledge and cooperation of the supervisory defendants and the Village of Burnham.

48. The Village of Burnham, as well of the supervisory defendants are responsible for negligence in appointing Defendant Gunther as a special officer, but then utilizing him in the same way as a certified law enforcement officer.

49. The Village and supervisory defendants also are responsible for the appointment of Defendant Gunther, whom they knew lacked training, failing to train him and failing to supervise him, in such a manner that it amounted to a deliberate indifference to the safeguarding of the Burnham community and community at large and the protections that they should have under the Constitution of the United States and the laws of the State of Illinois.

50. As a result of the Village's policies, practices, and customs, Defendant Gunther and other similarly situated Officers are emboldened to commit misconduct against civilians by their knowledge that they are effectively "above the law" and will not be held accountable for their misconduct.

51. The Village not only failed to prevent Defendant Gunther from violating the rights of civilians, but actually caused his conduct.

52. WHEREFORE, as a result of Defendant Officer Gunther's unconstitutional conduct, the Village's policy and practice, and the Supervisory Defendants' actions and omissions, Plaintiff suffered emotional injuries including mental and emotional damage and trauma, embarrassment and humiliation, damage to his reputation, mental distress and anguish, he requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

_____    _____
Brendan Shiller                                                            Jon Erickson



Law Office of Brendan Shiller, LLC            Erickson & Oppenheimer
36 S. Wabash, Suite 1310                             1051 W. Belmont
Chicago, IL 60603                                           Chicago, IL 60657
312-332-6462                                                  773-875-4646
ARDC: 6279789                                             ARDC: 6205277